IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NOVITAZ, INC.** ) | | |
|    a Delaware Corporation, ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | **Civil Action:** _____ | |
| **v.** ) | | |
| ) | | |
| **SWIRL NETWORKS, INC.** ) | | |
|    a Delaware Corporation, ) | | |
| ) | | |
| **Defendant.** ) | **JURY TRIAL DEMAND** | |
| ) | | |

## COMPLAINT AND JURY DEMAND

Plaintiff, NOVITAZ, INC., alleges upon information and belief, as follows:

### THE PARTIES

1. Plaintiff, Novitaz, Inc., is a Delaware corporation, having its principal place of business in California and having an office at 320 Tonopah Drive, Fremont, CA 94538.

2. The majority of Plaintiff's Board of Directors reside in Connecticut.

3. Plaintiff's Board of Directors oversee and control Plaintiff's business affairs in Connecticut.

4. Plaintiff controls the present litigation from California and Connecticut.

5. Upon information and belief, Defendant, Swirl Networks, Inc., is a Delaware corporation, having its principal place of business in Massachusetts and having an office at 40 Broad Street, Boston, MA 02109.

6. Upon information and belief, Defendant provides its products and services in Connecticut.

7. Upon information and belief, Defendant's accused products have been downloaded, installed, and/or used in Connecticut.

8. Plaintiff has downloaded, installed, and used RetailMeNot in Connecticut. RetailMeNot is an implementation of Defendant's accused location-based services.

9. This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 *et seq.*

10. Jurisdiction of this action arises under 28 U.S.C. § 1338(a). Venue is predicated under 28 U.S.C. § 1391(c).

## COUNT I

11. On June 14, 2011, United States Patent Number 8,229,787 (hereinafter "'787 Patent") entitled "Customer Relationship Management System for Physical Locations" was duly and regularly issued. A copy of the '787 Patent is attached hereto as Exhibit "A".

12. Plaintiff is the owner of the '787 Patent.

13. Upon information and belief, Defendant has directly infringed at least one of the claims of the '787 Patent by offering for sale and having made, used or sold customer relationship management systems through its Swirl Beacon Marketing module, Swirl's DataFrame and CRM Data Onboarding features, Swirl Targeting Wizard, Swirl for Publishers, Swirl for Retailers, and Swirl Ad Exchange, and through other applications using Swirl for Retailers Platform that duly embody the invention as claimed herein; such infringement was willful and deliberate.

14. The '787 Patent relates, generally, to an improved method of customer relationship management in a physical environment.

15. The '787 Patent discloses methods for detecting a customer's presence in a

business establishment, storing a plurality of tracked events that the customer engages in while in the business establishment, and determining a marketing message for the customer based on the tracked events.

16. An improvement provided by the '787 Patent is enabling more personalized service for a customer upon entry and throughout the customer's visit to a business establishment. The '787 Patented invention enables targeted marketing and sales promotions (up-sell/cross-sell) for individual customers.

17. Defendant's Swirl for Retailers Platform enables Defendant's customers to provide improved in-store marketing and customer engagement.

18. On information and belief, Defendant markets its mobile platform under the name "Swirl Audience Network" ("SAN").

19. Defendant markets its services as allowing brands to "digitally engage with and influence in-store shoppers at the precise time and place they are making purchase decisions…deliver highly targeted messages and offers directly to shoppers wherever their products are sold." *See* http://www.swirl.com/ (last visited April 7, 2016).

20. Defendant makes, uses, sells, and offers for sale the app Swirl – Shopping Assistant.

21. Defendant makes, uses, sells, and offers for sale the app SWIRL In-Store Explorer.

22. Defendant makes, uses, sells, and offers for sale the app Swirl Beacon Manager.

23. The aforementioned apps are hereinafter collectively referred to as Swirl Apps.

24. On information and belief, Defendant has partnered with RetailMeNot, Inc. ("RetailMeNot") to promote its offerings to shoppers (*See* Exhibit "B").

25. The registration process of utilizing Swirl Apps includes providing an email address to Swirl or its partners or agents.

26. On information and belief, Swirl for Retailers uses the user's registration information.

27. On information and belief Swirl for Retailers detects the user's physical presence in a physical establishment.

28. Swirl for Retailers provides beacons to be used in supported physical establishments for enabling RetailMeNot (and other supported apps) to detect a user's physical location within an establishment.

29. Swirl and its partners provide marketing messages to its users. For example, RetailMeNot provides marketing messages to its users.

30. Swirl and its partners store a plurality of tracked customer events within a physical establishment. For example, on information and belief RetailMeNot stores a plutality of tracked customer events within a physical establishment.

31. Swirl for Retailers Platform infringes certain claims of the '787 Patent.

32. Plaintiff has been damaged by the acts of infringement complained of herein.

33. Plaintiff has no adequate remedy without intervention of this Court.

34. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.   An injunction be granted preliminarily and permanently restraining Defendant and all those in privity with it from further infringement of Plaintiff's '787 Patents.

B.   Defendant be required to account to Plaintiff for the damages recoverable by

Plaintiff under 35 U.S.C. § 284 as a result of the wrongful making, using, and selling of Plaintiff's inventions as claimed in the '787 Patent, the exact extent of which cannot now be determined by Plaintiff, and that all of such damages be trebled.

    C. Plaintiff be awarded reasonable attorney fees;

    D. Plaintiff be allowed its costs; and

    E. Such other and further relief be granted to which Plaintiff may be justly entitled.

### JURY DEMAND

    Plaintiff demands a trial by jury.

Date: April 7, 2016

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack, ct29409
GrayRobinson, P.A.
401 E. Jackson Street
Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (facsimile)
woodrow.pollack@gray-robinson.com

*Counsel for Plaintiff*